**Steven T. Wax**
**Federal Public Defender**
**E-Mail: Steve_Wax@fd.org**
**Ruben L. Iñiguez**
**Assistant Federal Public Defender**
**Email: Ruben_Iniguez@fd.org**
**101 SW Main Street, Suite 1700**
**Portland, OR 97204**
**Tel: (503) 326-2123**
**Fax: (503) 326-5524**
**Attorneys for Petitioner**

**Bryan E. Lessley**
**Assistant Federal Public Defender**
**Email: Bryan_Lessley@fd.org**
**151 W. 7th, Suite 510**
**Eugene, OR 97401**
**Tel: (541) 465-6937**
**Fax: (541) 465-6975**
**Attorney for Petitioner**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **AMIN ULLAH,** | 05-CV-1237-ESH |
| Petitioner, | |
| v. | MOTION TO REQUIRE FILING OF FACTUAL RETURN |
| **GEORGE W. BUSH, et al.,** | |
| Respondents. | |

Petitioner Amin Ullah, a Guantánamo detainee, through undersigned counsel, respectfully requests the Court to order Respondents to file a factual return in response to the habeas corpus petition filed June 22, 2005. The factual return should include all records of all proceedings before the Combatant Status Review Tribunal (CSRT) and the Administrative Review Board (ARB), and any other materials stating the bases for Petitioner's detention. Respondents' filing of the factual return should include the provision of a classified copy for counsel's review at the secure facility in accordance with the protective order entered July 19, 2005. Respondents, through counsel and by exchange of e-mails on May 8, 2006, oppose this Motion.

## PROCEDURAL BACKGROUND

Petitioner Amin Ullah submitted his *pro se* petition for writ of habeas corpus in the form of a letter dated February 22, 2005. The Court construed the letter as a habeas corpus petition pursuant to 28 U.S.C. §2255 and filed it, thereby initiating this action on June 22, 2005. On July 18, 2005, Respondents moved to stay this action, including their obligation to file a factual return, pending the outcome of certain appeals in other Guantánamo detainee cases. Although the Court granted the stay on July 19, 2005, it did not indefinitely stay the factual return. *See* Order [CR 3]. Instead, the Court "reserve[d] ruling on the issue of when factual returns will need to be filed pending appointment of counsel." *Id.* at 1. The Court further ordered:

> that this case is stayed pending the resolution of all appeals. This stay shall not, however, prevent the parties from filing motions for emergency relief or from addressing *the issue of the timing for filing factual returns*.

*Id.* at 2 (emphasis added).

On October 14, 2005, the Court appointed counsel for Petitioner. The case then languished for reasons apparently attributable to previously-appointed counsel, but not for any reason attributable to Petitioner. On April 10, 2006, representation of Petitioner was transferred to new counsel: Federal Public Defender Steven T. Wax and Assistant Federal Public Defenders Bryan E. Lessley and Ruben L. Iñiguez. The next day, April 11, new counsel entered Notices of Appearance. Counsel also promptly submitted executed Memoranda of Understanding pursuant to the protective order, along with other required documentation. All three counsel have previously obtained security clearances and traveled to the Guantánamo Bay Naval Base to meet other clients. Counsel have fully undertaken the representation of Petitioner and are fully cleared to represent him and to gain access to classified and protected information. Recently, on May 3, 2006, counsel Lessley and Iñiguez met with Petitioner at Guantánamo Bay.

## FACTUAL BACKGROUND

In his *pro se* petition, Petitioner Amin Ullah denies he is an "enemy combatant." He denies he has any affiliation with any organization or activity that has taken place against American interests. He asserts he was twice imprisoned by the Taliban during the years they controlled Afghanistan, and that the Taliban killed a close friend or relative without reason.

**Page 3 - MOTION TO REQUIRE FILING OF FACTUAL RETURN**

Petitioner asserts he is an innocent man who was arrested at his home one night without cause, interrogated, and transferred to Guantánamo for reasons he does not understand. He asserts he is a friend of America who wants no more than to return home to his family. Petitioner reiterates these same assertions in his CSRT transcript.

## ARGUMENT

The fact that this case has heretofore been stayed does not prohibit Petitioner, through counsel, from investigating the factual basis for his detention, including identifying and locating witnesses to corroborate his claim that he is not an "enemy combatant." The ability to review the factual return, which states the basis of his detention and includes the record of the CSRT proceedings, including classified portions thereof, is the necessary first step in preparing this case. Indeed, if counsel are prevented from conducting investigation now, including exploring the factual basis for his detention and seeking out possible evidence and witnesses, the potential for grave prejudice exists in that Petitioner's detention may be prolonged if counsel cannot earnestly begin that work until appeals pending in other cases, and dealing strictly with legal issues, are resolved. Counsel has a professional obligation and desire to prepare his case in a diligent manner, including making themselves familiar with the relevant facts of the case and performing reasonable investigation. Respondents, by contrast, will suffer no prejudice whatsoever if required to file a factual return.

I. **PETITIONER'S COUNSEL SHOULD NOT BE REQUIRED TO WAIT UNTIL JURISDICTIONAL ISSUES ARE RESOLVED BEFORE UNDERTAKING THEIR INVESTIGATION AND PREPARATION OF THE CASE.**

Neither Petitioner nor his counsel has any obligation to wait to begin preparing his case until all possible legal issues have been resolved in other cases. It is fundamental that counsel have a professional obligation to act diligently on Petitioner's behalf, which includes becoming familiar with both the law and the facts of the case and performing reasonable investigation in a timely manner. This duty of diligent preparation includes seeking, finding, and reviewing all relevant evidence in the case so as to become familiar with the facts. Absent such review of the evidence counsel cannot effectively aid Petitioner to make meaningful, informed decisions about litigation strategy, including the need for further investigation, the preparation and filing of motions, and the initiation of other forms and vehicles of preparation.

The ABA standards, as a model, are clear and unambiguous about these matters. ABA Model Rule 1.1 states: "A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation." The commentary to Rule 1.1 states:

> Competent handling of a particular matter includes inquiry into and analysis of the factual and legal elements of the problem ... the required attention and preparation are determined in part by what is at stake; major litigation and complex transactions ordinarily require more elaborate treatment than matters of lesser consequence.

**Page 5 - MOTION TO REQUIRE FILING OF FACTUAL RETURN**

ABA Model Rule 1.1, comment. The lawyer also has a duty to investigate. Section 4-1 of the ABA Ethical Code requires that the lawyer "be fully informed of all the facts of the matter he is handling in order for his client to obtain the full advantage of our legal system." Finally, the lawyer must be diligent in this work and not submit to delays which adversely impact either the client's legal position or his morale:

> A client's interests often can be adversely affected by the passage of time or the change of conditions; in extreme instances, as when a lawyer overlooks a statute of limitations, the client's legal position may be destroyed. Even when the client's interests are not affected in substance, however, unreasonable delay can cause the client needless anxiety and undermine confidence in the lawyer's trustworthiness.

ABA Model Rule 1.3, comment.

There is abundant case authority for these same propositions: an attorney must, with reasonable diligence, investigate the facts and law pertinent to the case, and consult with the client about those matters, so as to make knowing, intelligent choices about how to proceed. *Strickland v. Washington*, 411 U.S. 668, 691 (1986) ("Counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary"); *United States v. Durango*, 780 F.2d 81, 85 (D.C. Cir. 1986) (failure to investigate potentially corroborating witnesses "can hardly be considered a tactical decision"); *United States v. Gray*, 878 F.2d 702, 711 (3rd Cir. 1989) ("[i]neffectiveness is generally clear in the context of complete failure to investigate because counsel can hardly be said to have made a strategic choice when s/he has not yet obtained

**Page 6 - MOTION TO REQUIRE FILING OF FACTUAL RETURN**

the facts on which such a decision could be made"); *Hoots v. Allsbrook*, 785 F.2d 1214, 1220 (4th Cir. 1986) (neglect even to interview available witnesses simply cannot be ascribed to trial strategy and tactics); *Nealy v. Cabana,* 764 F.2d 1173, 1177 (5th Cir.1985) ("counsel has the duty to interview potential witnesses and to make an independent investigation of the facts and circumstances of the case"); *Crisp v. Duckworth,* 743 F.2d 580, 583 (7th Cir.1984) ("Though there may be unusual cases when an attorney can make a rational decision that investigation is unnecessary, as a general rule an attorney must investigate a case in order to provide minimally competent professional representation"); *Birt v. Montgomery*, 709 F.2d 690, 701 (7th Cir. 1983) ("essential to effective representation ... is the independent duty to investigate and prepare"); *Sanders v. Ratelle*, 21 F.3d 1446, 1456 (9th Cir. 1994) ("Counsel must, at a minimum, *conduct a reasonable investigation* enabling him to make informed decisions about how best to represent his client") (emphasis in the original); *Hendricks v. Vasquez*, 974 F.2d 1099, 1109 (9th Cir. 1992) (vacating the judgment of the district court where it is not possible to "determine if counsel's decision was a strategic one, and, if so, whether the decision was a sufficiently informed one"); *Deutscher v. Whitley*, 884 F.2d 1152, 1160 (9th Cir. 1989) (holding that counsel did not make a strategic decision where the defense was based on petitioner's psychiatric problems, yet counsel failed to "even consider investigating evidence which would have bolstered that defense"), *vacated on other grounds*, 506 S.Ct. 935 (1992); *Evans v. Lewis*, 855 F.2d 631, 637 (9th Cir. 1988) (failure to investigate a possibility of mental impairment cannot be

Page 7 - MOTION TO REQUIRE FILING OF FACTUAL RETURN

construed as a trial tactic "where he did not even bother to view relevant documents that were available").

In the case at bar, Petitioner has been confined for three and one-half years. He submitted his petition to the Court more than one year ago, in February 2005. He was appointed counsel in October 2005, more than six months ago. Although the case was not transferred to undersigned counsel until April 10, 2006, counsel recently visited Petitioner at Guantánamo on May 3, barely three weeks after learning of their appointment.

Now that Petitioner finally has legal representation there is no justification for making him wait any longer before counsel are permitted to learn the basis for his detention and to begin work on his behalf. His attorneys have both a professional obligation and desire to begin that work now.

## II. THE PROTECTIVE ORDER AND RESPONDENTS' OWN FILINGS ANTICIPATE THAT THE FACTUAL RETURN SHOULD BE MADE AVAILABLE TO COUNSEL, ONCE APPOINTED AND ONCE QUALIFIED UNDER SECURITY PROTOCOLS.

Respondents, in earlier pleadings, anticipated that factual returns eventually would be made available to Petitioners' counsel in all cases. Their Motion to Stay Proceedings, in which they argued that they should not be required to file a factual return, correctly recites that little utility would be served by requiring Respondents to file factual returns consisting of the CSRT materials before appointment of counsel because, in part, Petitioner would not be allowed to see the classified or protected portions thereof. *See* Motion to Stay

Proceedings [CR 2] at 4-5.  According to Respondents, counsel for petitioners would be different.  Respondents specifically represented to the Court:

> a detainee's counsel may have access to classified and protected materials in a factual return pertaining to a detainee, but only after counsel obtains a security clearance and otherwise complies with the protective order made applicable in Guantanamo detainee cases, which prohibits the sharing of information with a detainee.

Motion to Stay Proceedings at 5 n.8.  Having obtained security clearances and complied with the protective order, Petitioner's counsel should now be allowed to see the factual return as plainly contemplated by Respondents.

## CONCLUSION

Counsels' obligation to represent Petitioner diligently, including performing reasonable investigation in a reasonable period of time, requires that Respondents be directed to file the factual return, including making all classified portions of the return available to counsel in accordance with the protective order.  Failure to allow counsel to begin their investigation and preparation of the case will prejudice Petitioner by prolonging his detention, undermine the attorney/client relationship, and otherwise adversely impact Petitioner's rights.  At the same time, requiring Respondents to file a factual return will

/ / /

/ / /

/ / /

/ / /

result in no prejudice to them.

Dated this 15th day of May, 2006.

/s/ Steven T. Wax
Steven T. Wax
Federal Public Defender
Attorney for Petitioner Amin Ullah

/s/ Bryan E. Lessley
Bryan E. Lessley
Assistant Federal Public Defender
Attorney for Petitioner Amin Ullah

/s/ Ruben L. Iñiguez
Ruben L. Iñiguez
Assistant Federal Public Defender
Attorney for Petitioner Amin Ullah