IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMINULLAH,                                )<br><br>                      Petitioner,           )<br><br>        v.                                     )<br><br>GEORGE W. BUSH,                      )<br>        President of the United States, )<br>        *et al.,*                              )<br><br>                      Respondents.        )<br> | Civil Action No. 05-CV-1237 (ESH) |

**RESPONDENTS' MEMORANDUM IN OPPOSITION TO
<u>PETITIONER'S MOTION TO REQUIRE FILING OF FACTUAL RETURN</u>**

Respondents hereby respectfully submit this memorandum in opposition to petitioner's

motion to require the submission of a factual return in this case (dkt. no. 12).

On December 30, 2005, the Detainee Treatment Act of 2005, Pub. L. No. 109-148, tit. X,

119 Stat. 2680 ("the Act"), became law.  The Act, among other things, amends 28 U.S.C. § 2241

to remove court jurisdiction to hear or consider applications for writs of habeas corpus and other

actions brought in this Court by or on behalf of aliens detained at Guantanamo Bay, Cuba.

Section 1005(e)(1) of the Act amends 28 U.S.C. § 2241 to provide that "no court, justice, or

judge shall have jurisdiction" to consider either (1) habeas petitions filed by aliens detained by

the Department of Defense at Guantanamo, or (2) any other action relating to any aspect of the

detention of such aliens.  In addition, the Act creates an exclusive review mechanism in the D.C.

Circuit to address the validity of the detention of such aliens held as enemy combatants;

section 1005(e)(2) of the Act states that the D.C. Circuit "shall have exclusive jurisdiction to

determine the validity of any final decision of a Combatant Status Review Tribunal that an alien

is properly detained as an enemy combatant," and it further specifies the scope and intensiveness of that review. Section 1005(e)(1), which eliminates the jurisdiction of the courts to consider habeas and other actions brought by Guantanamo detainees, was made immediately effective without reservation for pending cases, and § 1005(e)(2), which establishes the exclusive review mechanism in the D.C. Circuit, was made expressly applicable to pending cases. Id. § 1005(h). In light of the statutory withdrawal of this Court's jurisdiction, and the creation of an exclusive review mechanism in the D.C. Circuit, the Court has no jurisdictional basis to order the relief requested by petitioner.

The effect of the Act was addressed in supplemental briefing in the Guantanamo detainee appeals pending before the D.C. Circuit,[1] and our understanding is that it is the sense of the Court that it wishes to await anticipated guidance from the D.C. Circuit regarding the effect of the Act before deciding any pending motions. In light of this and given the new, statutory withdrawal of the Court's jurisdiction, at a minimum a stay of all proceedings in this case, including with respect to petitioner's request for relief, is appropriate pending the resolution of the effect of the Act.[2] Indeed, because the Act vests "exclusive" jurisdiction in the D.C. Circuit "to determine the validity of any final decision of a Combatant Status Review Tribunal that an alien is properly detained as an enemy combatant," id. § 1005(e)(1), it would be inappropriate for the Court to

---

[1]  Oral argument before the D.C. Circuit was held on March 22, 2006.

[2]  In this vein, four Judges of the Court, including Your Honor, have recently entered orders in Guantanamo detainee habeas cases pending before them denying without prejudice or holding in abeyance all pending motions and staying "all action" in the cases pending resolution of the effect of the Act. See January 11, 2006 Order in Gherebi v. Bush, No. 04-CV-1164 (RBW), et al.; January 27, 2006 Order in Begg v. Bush, No. 04-CV-1137 (RMC), et al.; March 16, 2006 Order in Anam v. Bush, No. 04-CV-1194 (HHK), et al.; March 31, 2006 Order in Ahmed Doe v. Bush, No. 05-CV-1458 (ESH), et al.

order relief in the interim that might infringe upon the Court of Appeals' exclusive jurisdiction.

See Telecommunications Research and Action Center v. FCC, 750 F.2d 70, 75, 78-79 (D.C. Cir.

1984) (request for relief in district court that might affect Court of Appeals' future, exclusive

jurisdiction is subject to the exclusive review of the Court of Appeals).[3]  An order requiring the

production of a factual return in this case would be an assertion of jurisdiction and authority in

the case inconsistent with the Detainee Treatment Act's withdrawal of habeas jurisdiction of the

this Court and investment of exclusive jurisdiction in the Court of Appeals, and respondents'

argument in this regard is in no way immaterial or premature.  See Steel Co. v. Citizens for a

Better Env't, 523 U.S. 83, 94 (1998) ("Without jurisdiction [a] court cannot proceed at all in any

cause."); see also Ex parte McCardle, 74 U.S. (7 Wall.) 506, 514 (1869) ("Jurisdiction is power

to declare the law, and when it ceases to exist, the only function remaining to the court is that of

announcing the fact and dismissing the cause.").  Thus, the production of a factual return is not a

matter independent of the jurisdictional question pending before the Court of Appeals.

Petitioner's belief that respondents "will suffer no prejudice whatsoever if required to file

a factual return," Pet's Mot. at 4, is incorrect.  The production and submission of factual returns

in the Guantanamo detainee habeas litigation involves the disclosure to counsel of classified

information, and the preparation of the returns is not an inconsequential task.  As an initial

_____

[3]  Respondents previously intended to file a motion to dismiss this case based upon the Act's withdrawal of the Court's jurisdiction, see Notice of Supplemental Authority (dkt. no. 7), but refrained from doing so when they were informed that the sense of the Court was to await anticipated guidance from the D.C. Circuit regarding the effect of the Act before proceeding further in the Guantanamo habeas cases.  During this interim period, respondents have permitted counsel visits and other privileged access to properly represented detainees in cases, such as this one, where the Protective Order had already been entered, and its requirements satisfied, pending a decision from the D.C. Circuit.

matter, requiring respondents to provide to counsel a factual return containing classified

information, even where counsel receive such disclosures subject to certain handling restrictions,

cannot be described as nonprejudicial where the issue of whether the Court has any authority to

require such disclosure remains pending before the Court of Appeals.  Furthermore, with respect

to the logistical burdens involved in producing factual returns, each factual return must be

obtained from the Department of Defense ("DoD"), and then reviewed by agencies who provided

source information to DoD to ensure that information disclosed to counsel in the returns is in

accordance with all applicable statutes, regulations and Executive Orders.  Respondents must

then prepare both public and classified versions of the factual returns for submission to the Court

and counsel.  Because each return can range from dozens to hundreds of pages, depending upon

the circumstances, this review and redaction process is a significant and time-consuming

undertaking.  Thus, respondents would be significantly prejudiced by an order requiring a factual

return.[4]

   In any event, however, even if the Court determines that counsel access to a factual return

is appropriate, petitioner's request for access to the records of Administrative Review Board

("ARB") proceedings pertaining to petitioner should be denied.  A factual return for a petitioner

in a Guantanamo detainee case typically has consisted of the record of proceedings before the

---

   [4] Although respondents maintain that a factual return should not be required at all, if the
Court decides to assert jurisdiction notwithstanding the Detainee Treatment Act of 2005 and
order the production of a factual return in this case, respondents request that in light of the
logistical burdens involved, they been given at least 90 days to submit the factual return, as this
Court has granted respondents in other Guantanamo Bay detainee cases.  See e.g., Ameziane v.
Bush, No. 05-CV-392 (ESH) (dkt. no. 12) (imposing 90-day schedule); Al-Bahooth v. Bush, No.
05-CV-1666 (ESH) (dkt. no. 20) (same); Al-Mithali v. Bush, No. 05-CV-2186 (ESH) (dkt. no.
22) (same).

Combatant Status Review Tribunal ("CSRT") that confirmed petitioner's status as an enemy combatant properly subject to detention. The ARB proceedings are separate and distinct from CSRT proceedings, and the purpose of the ARB proceedings is distinct from the issue involved in petitioner's habeas claims. The habeas petition concerns whether petitioner is properly subject to continued detention by the United States, that is, whether petitioner has been legitimately determined to be an enemy combatant and, thus, may be detained for the duration of hostilities. The ARB proceedings, on the other hand, are designed to assess, on an annual basis, not whether a detainee may be detained as an enemy combatant, but whether it is in the interests of the United States to transfer or continue to detain individuals already determined by CSRTs to be enemy combatants. This decision is based on a weighing and balancing of factors, such as the threat a detainee is believed to pose to the United States or its allies in the ongoing armed conflicts against al Qaeda and its supporters, and the detainee's continuing intelligence value. See Memorandum Implementing Administrative Review of the Detention of Enemy Combatants (Sept. 14, 2004) (available at <<http://www.defenselink.mil/news/Sep2004/ d20040914adminreview.pdf>>). As a result, the ARB issues and the habeas issues are not the same; indeed, the ARB determination involves a complex weighing of factors and exercise of discretion by the Military that is not justiciable.[5] See, e.g., Dist. No. 1, Pacific Coast Dist.,

---

[5] Thus, petitioner's request for access to ARB findings is essentially an improper attempt to take discovery. A petitioner in a habeas case is not entitled to discovery as a matter of right, but rather must first demonstrate good cause to conduct discovery and obtain court permission. See, e.g., Rich v. Calderon, 187 F.3d 1064, 1068 (9th Cir. 1999) (explaining that "[a] habeas petitioner does not enjoy the presumptive entitlement to discovery of a traditional civil litigant," and that "discovery is available only in the discretion of the court and for good cause shown."); Al Odah v. United States, 329 F. Supp. 2d 106, 107-08 (D.D.C. 2004) (finding that Guantanamo detainee habeas petitioners must first seek leave of court before conducting discovery and denying leave to conduct discovery). Petitioner has not requested leave of court to take

Marine Engs. Beneficial Ass'n v. Maritime Admin., 215 F.3d 37, 42 (D.C. Cir. 2000) (finding

that Executive's "judgments on questions of foreign policy and national interest . . . are not

subjects fit for judicial involvement").[6]  Thus, notwithstanding the Act's withdrawal of the

Court's jurisdiction to grant petitioner any relief in this case, even if the Court requires the

production of a factual return, the Court should not grant counsel access to the records of the

ARB proceedings for petitioner.

      Finally, counsel argue that the Court should require the production of a factual return in

this case so as to purportedly enable counsel to comply with their own professional obligations

---

discovery, and the Court should not permit him to evade this requirement simply by filing a
motion for production of the requested information.  Further, discovery is particularly
inappropriate given the Act's withdrawal of the Court's jurisdiction to grant any relief in this
case, see supra at 1-2, and, in any event, it should be particularly disfavored in a case like this,
where petitioner challenges an action of the military taken in the prosecution of a war.  See
Hamdi v. Rumsfeld, 124 S. Ct. 2633, 2652 (2004) (plurality opinion) (adjuring lower courts
generally to "proceed with the caution that . . . is necessary" and to take only "prudent and
incremental" steps when faced with novel issues pertaining to petitions for writs of habeas corpus
from detainees involved in the current war on terror).

    [6]  Indeed, the D.C. Circuit has specifically held that the Executive Branch's determination
regarding the existence of a national security risk is not justiciable.  See People's Mojahedin Org.
of Iran v. United States Dep't of State, 182 F.3d 17, 23 (D.C. Cir. 1999) (determination by the
Secretary of State that "'the terrorist activity of the organization threatens the security of United
States nationals or the national security of the United States'" was "nonjusticiable.").  Thus, the
balancing of national security risk and needs involved in a determination concerning the
appropriateness of the continued detention of an enemy combatant is a matter entirely
inappropriate for judicial review.  See Industria Panificadora, S.A. v. United States, 763 F. Supp.
1154, 1160 (D.D.C. 1991) ("[D]ecisions which affect our national security involve policy
decisions beyond the scope of judicial expertise.  'To attempt to decide such a matter without the
necessary expertise and in the absence of judicially manageable standards would be to entangle
the court in matters constitutionally given to the executive branch.'" (citation omitted)), aff'd on
other grounds, 957 F.2d 886 (D.C. Cir. 1992).  See also Almurbati v. Bush, No. 04-CV-1227
(RBW), 366 F. Supp. 2d 72, 75 (D.D.C. 2005) ("[I]n deference to the Executive Branch, courts
are reluctant to intrude upon the discretionary authority of the Executive in military and national
security matters.") (citing Hamdi v. Rumsfeld, 542 U.S. 507, 124 S. Ct. 2633, 2647 (2004);
Dep't of Navy v. Egan, 484 U.S. 518, 530 (1988)).

under the ABA Model Rules.  See Pet's Mot. at 2-8.  Of course, any professional obligation of

petitioner's counsel to investigate a matter does not impose an obligation upon respondents to

process and produce a factual return, and counsel cite no authority to the contrary.  Thus,

counsel's professional obligations are not an appropriate factor for the Court to consider in

determining whether to require the production of a factual return in this action.  In any event,

such a factor would also be of no consequence here given the Act's withdrawal of the Court's

jurisdiction over this case, which prohibits the Court from granting any relief in this proceeding.

* * *

For these reasons, the Court should deny petitioner's motion to require the filing of a

factual return in this case.

Dated: May 30, 2006                         Respectfully submitted,

                                            PETER D. KEISLER
                                            Assistant Attorney General

                                            DOUGLAS N. LETTER
                                            Terrorism Litigation Counsel

                                            ____/s/ Preeya M. Noronha_____
                                            JOSEPH H. HUNT (D.C. Bar No. 431134)
                                            VINCENT M. GARVEY (D.C. Bar No. 127191)
                                            TERRY M. HENRY
                                            JAMES J. SCHWARTZ
                                            PREEYA M. NORONHA
                                            ROBERT J. KATERBERG
                                            NICHOLAS J. PATTERSON
                                            ANDREW I. WARDEN
                                            EDWARD H. WHITE
                                            MARC A. PEREZ
                                            Attorneys
                                            United States Department of Justice
                                            Civil Division, Federal Programs Branch
                                            20 Massachusetts Ave., N.W.
                                            Washington, DC  20530

Tel:  (202) 514-4107
Fax:  (202) 616-8470

Attorneys for Respondents