Steven T. Wax, Oregon State Bar No. 85012
Federal Public Defender
E-Mail: Steve_Wax@fd.org
Ruben L. Iniguez
Assistant Federal Public Defender
Email: Ruben_Iniguez@fd.org
101 SW Main Street, Suite 1700
Portland, OR  97204
Tel: (503) 326-2123
Fax: (503) 326-5524
Attorneys for Petitioner

Bryan E. Lessley, Oregon State Bar No. 92081
Assistant Federal Public Defender
Email: Bryan_Lessley@fd.org
151 W. 7th, Suite 510
Eugene, OR 97401
Tel: (541) 465-6937
Fax: (541) 465-6975
Attorney for Petitioner

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMIN ULLAH,<br><br>                    Petitioner,<br>        v.<br><br>GEORGE W. BUSH, et al.,<br><br>                    Respondents. | 05-CV-1237-ESH<br><br>PETITIONER'S SUPPLEMENT TO MOTION TO REQUIRE FILING OF FACTUAL RETURN |

Page 1 -   PETITIONER'S SUPPLEMENT TO MOTION TO REQUIRE
           FILING OF FACTUAL RETURN

On May 15, 2006, Petitioner Amin Ullah, through counsel, filed a Motion to Require Filing of Factual Return. The government submitted its Memorandum in Opposition to this motion on May 30, 2006. The primary argument made by the government was that no factual return should be required because the Detainee Treatment Act of 2005 removed this Court's jurisdiction to consider applications for writs of habeas corpus by Guantánamo detainees. Gov. Mem., pp. 1-4. The government made other ancillary arguments about the contents and timing of the factual return, if ordered. Gov. Mem., pp. 5-7.

## I.   THIS COURT CONTINUES TO HAVE JURISDICTION OVER THIS PROCEEDING.

After the government filed its Response, the Supreme Court decided *Hamdan v. Rumsfeld*, 126 S.Ct. 2749 (2006), holding that the Detainee Treatment Act of 2005 did not strip this Court of jurisdiction over pending habeas corpus actions. In particular, in *Hamdan*, the government argued that Section 1005(e)(1) of the Detainee Treatment Act, Pub. L. 109-148, 119 Stat. 2739, strips federal district courts of jurisdiction over applications for writ of habeas corpus filed by or on behalf of aliens detained at Guantánamo Bay. The government further argued in *Hamdan* that this provision applied retroactively to remove jurisdiction over pending cases such as petitioner's. *Hamdan*, 126 S.Ct. at 2762-2763.

**Page 2 -**   PETITIONER'S SUPPLEMENT TO MOTION TO REQUIRE FILING OF FACTUAL RETURN

The Supreme Court rejected this argument and held that the federal district courts continue to have jurisdiction over pending habeas corpus petitions. *Hamdan*, 126 S.Ct. at 2764-2769.

In other recent pleadings, the government has taken the position that, while federal court jurisdiction over pending habeas corpus petitions is preserved by the Detainee Treatment Act, nonetheless the Detainee Treatment Act may require transfer of some cases from the district court to the United States Court of Appeals for the D.C. Circuit. *See* Respondents' Motion for Procedures Related to Review of Certain Detainee Materials, pp. 2-3 n.3. This argument will require further briefing, as the government's argument acknowledges. *Id.* But the important point for the present motion is that this Court continues to have jurisdiction over this case after *Hamdan*, and the federal courts will continue to have jurisdiction over this case, irrespective of whether such jurisdiction ultimately rests in the district court or the court of appeals. In either event, petitioner's counsel is entitled to see the factual return in his case, including all of the classified material. Because of *Hamdan*, the government has no valid reason to deny counsel access to the factual return.

**Page 3 -     PETITIONER'S SUPPLEMENT TO MOTION TO REQUIRE
                 FILING OF FACTUAL RETURN**

II. **THE FACTUAL RETURN SHOULD INCLUDE THE ENTIRE BASIS OF PETITIONER'S CONTINUED DETENTION, INCLUDING THE RECORD OF ANY ANNUAL REVIEW BOARD PROCEEDINGS.**

In his Motion To Require Filing Of Factual Return, Petitioner Amin Ullah also argued that the factual returns should include all records of proceedings not only before the Combatant Status Review Tribunal (CSRT), but also all records of proceedings of any Annual Review Board (ARB) that may have been convened for him. The government argues that the ARB proceedings are not properly within the scope of a factual return because they are designed to assess "not whether a detainee may be detained as an enemy combatant, but whether it is in the interests of the United States to transfer or continue to detain individuals already determined by CSRTs to be enemy combatants." Gov. Mem., p. 5. The government claims that the ARB issues and habeas issues are not the same, and that the ARB determination involved a complex weighing of factors and exercise of discretion that is not justiciable. Gov. Mem., p. 5.

The government's assertion that the CSRT and ARB tribunals have different functions is not true in practice. Counsel has not seen an ARB record, even an unclassified one, for petitioner Amin Ullah. Counsel has also not seen, in the absence of a factual return, the actual CSRT allegations made against petitioner Amin Ullah which are the basis of his detention. The only thing counsel has seen, and the only information counsel has other than information gleaned in a personal meeting with Amin Ullah at Guantánamo, is a five-page

Page 4 -    PETITIONER'S SUPPLEMENT TO MOTION TO REQUIRE
           FILING OF FACTUAL RETURN

unclassified transcript of the CSRT proceeding obtained from the Internet. *See* Petitioner's Exhibit A (attached hereto).

But in other cases, counsel has observed that the ARB does not act simply as a "parole board" making an annual review of petitioner's continuing dangerousness. Rather, counsel's observation is that the ARB adds new allegations of enemy combatant activity which were not included in the original CSRT determination which are germane, not to any continuing danger, but to whether the detainee was an enemy combatant in the first place.

Attached hereto as Petitioner's Exhibit B is a Declaration of Bryan E. Lessley, the undersigned counsel, regarding the allegations made against his other client, whose name is Chaman.[1]  A comparison of the allegations made against Petitioner Chaman in his unclassified CSRT, as opposed to his unclassified ARB, show that the ARB added new and wholly different allegations of enemy combatant activity that were not included in the CSRT.

---

[1] Chaman is the petitioner in *Chaman v. Bush, et al*, No. 05-CV-887-RWR (D.D.C.), and is represented in that case by undersigned counsel Bryan Lessley.  It should be noted that petitioner Chaman denies that he is an enemy combatant and denies the truth of allegations to the contrary.  Petitioner Chaman has submitted lengthy responses to the allegations of both the CSRT and ARB.  By listing the allegations here, counsel in no way acknowledges any legitimacy in them, but lists them only to illustrate that the CSRT and ARB processes in Chaman's case included different allegations germane to whether he is an enemy combatant, and that the government did not use his ARB as merely a discretionary determination of continuing dangerousness.

Page 5 -    PETITIONER'S SUPPLEMENT TO MOTION TO REQUIRE
            FILING OF FACTUAL RETURN

For example, in Petitioner Chaman's original CSRT, the allegations were somewhat general and vague, contending that, when captured, Petitioner Chaman possessed current intimate knowledge of the logistical, financial and operational structure of al Qaeda, the Taliban and their associated forces, and that he attended a particular meeting between alleged operatives of these groups. *See* Declaration of Bryan E. Lessley. The relevant allegations are:

> 3.a. The detainee is associated with al Qaida, the Taliban and their associated forces:
>
> 3.a.1. When captured, the detainee possessed current intimate knowledge of the logistical, financial, and operational structure of al Qaida, the Taliban and their associated forces.
>
> * * *
>
> 3.a.3. When captured, the detainee possessed current intimate knowledge of the HIG command inner circle. This knowledge includes its structure, membership, and hierarchy of influence.
>
> 3.a.4. When captured, the detainee possessed knowledge of current HIG plans to attack U.S. Forces stationed in Afghanistan.

Petitioner's Exhibit B, pp 2-3. The CSRT allegations against Petitioner Chaman also included a general allegation that he engaged in hostilities against the United States or its coalition partners and that he collected intelligence to facilitate an unstated planned attacked on coalition interests:

> 3.b. The detainee engaged in hostilities against the United States or its coalition partners.

Page 6 -    PETITIONER'S SUPPLEMENT TO MOTION TO REQUIRE
            FILING OF FACTUAL RETURN

> 3.b.1. The detainee collected intelligence to facilitate a planned attack on coalition interests in late 2002 and early 2003.

Petitioner's Exhibit B, p. 3.

By contrast, the ARB allegations against Chaman included, among other things, a specific allegation that:

> 3.d.3. The detainee and Qalam were given explosives along with instructions for placing them along the road from Kabul to Jalalabad on February 16, 2003, by an important Hezb-I-Islami Gulbuddin member.

Petitioner's Exhibit B, p. 4. This allegation was nowhere mentioned in the CSRT proceedings. Similarly, the ARB contained the allegation that Petitioner Chaman:

> 3.d.6. Detainee No. 1021 commanded a unit of approximately 40 soldiers and held the rank of brigade general, during a three-month campaign that was fought against the Taliban/al Qaeda forces in the Shaheekut, Gardiz, area of Afghanistan during the spring of 2002.

Petitioner's Exhibit B, p. 5. This allegation also was not contained anywhere in the CSRT proceeding. It is apparent just by listing the allegations made against Petitioner Chaman in his CSRT and ARB proceedings that the ARB contained many new allegations which were not part of the original tribunal. The government's claim that the ARB operates as the equivalent as of a parole board, or that the ARB somehow involves discretionary judgment and balancing as opposed to determination of enemy combatant status, was simply not true in Petitioner Chaman's case. Petitioner Amin Ullah denies that the government's assertions are true as a general matter in other cases as well.

**Page 7 -     PETITIONER'S SUPPLEMENT TO MOTION TO REQUIRE FILING OF FACTUAL RETURN**

Moreover, the government's attempt to distinguish between the CSRT and ARB processes in terms of their function makes no difference in terms of whether they should both be included in the factual return. Petitioner initiated this action to challenge his detention at Guantanamo. He did not distinguish between his initial detention and his continued detention. To the extent the CSRT or ARB records contain information pertinent to his detention, including the duration of his detention as well as whether there was any justified basis for it in the first place, that information must be included in the factual return. *Wilkinson v. Dotson,* 544 U.S. 74, 78-85 (2005); *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)(habeas corpus recognizes challenges to the duration as well as the fact of detention). As *Wilkinson*, explained:

> Throughout the legal journey . . . the Court has focused on the need to insure that . . . prisoners use only habeas corpus . . . remedies when they seek to invalidate the duration of their confinement . . . .

*Wilkinson*, 544 U.S. at 81. Accordingly, the case law is rife with habeas corpus petitions being filed in federal court challenging the duration of confinement as well as the initial confinement decision. *See*, *e.g.*, *United States v. Tubwell,* 37 F.3d 175, 177 (5th Cir. 1994) (prisoner challenged denial of parole); *Ali v. Tennessee Board of Pardons and Paroles*, 431 F.3d 896 (6th Cir. 2005); *Wayne v. Missouri Board of Probation and Parole*, 83 F.3d 994 (8th Cir. 1996); *Himes v. Thompson*, 336 F.3d 848 (9th Cir. 2003) (same).

**Page 8 -     PETITIONER'S SUPPLEMENT TO MOTION TO REQUIRE
                FILING OF FACTUAL RETURN**

To be clear, petitioner's petition in this case challenges every aspect of his detention.[2] His handwritten letter claims that he is an "innocent man" who has "no affiliation with the TALEBAN or any other organizations and no other situations which have taken place in our area." Docket Item 1. His letter also asserts that "there is no merit" to false claims to the contrary. *Id.*

This is sufficient to challenge every aspect of his confinement, from his initial arrest through the current time. To the extent the record of his ARB proceeding contains information relevant to the court's determination of the legality of his confinement, that information must be included in the record of this action.

## CONCLUSION

The government should be made to file a factual return because this Court has jurisdiction over this case, in light of *Hamdan*. Moreover, the factual return should include

---

[2]Like many of the petitions filed by Guantanamo detainees, Amin Ullah's is in the form of a brief letter from him to the court denying that he is an enemy of the United States. Docket Item 1. As a pro se petition, it must be construed liberally as alleging all appropriate claims. *See, e.g., Barnett v. Hargett*, 174 F.3d 1128, 1131, 1133 (10th Cir. 1999); *Bledsue v. Johnson*, 188 F.3d 250, 255 (5th Cir,. 1999)(interpret pro se pleading to allege claim); *Ratliff v. United States*, 999 F.32d 1023, 1026 (6th Cir. 1993)(interpret pro se pleading to allege factual basis); *Prou v.United States*, 197 F.3d 37, 42 (1st Cir. 1999)(pro se petition was sufficient if "its gist was clear and distinct"); *Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001)(pro se petitions interpreted "to raise the strongest argument they suggest").

**Page 9 -     PETITIONER'S SUPPLEMENT TO MOTION TO REQUIRE
                  FILING OF FACTUAL RETURN**

the complete basis of Petitioner Amin Ullah's confinement, including both the CSRT and ARB records.

This the 4th day of August, 2006.

/s/ *Bryan E. Lessley*
Bryan E. Lessley
Attorney for petitioner Amin Ullah


/s/ *Ruben L. Iniguez*
Ruben L. Iniguez
Attorney for petitioner Amin Ullah

Page 10 -   PETITIONER'S SUPPLEMENT TO MOTION TO REQUIRE
            FILING OF FACTUAL RETURN