IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMIN ULLAH,<br><br>        Petitioner,<br><br>v.<br><br>GEORGE W. BUSH, *et al.*,<br><br>        Respondents. | Civil Action No. 05-1237 (ESH) |

## DECLARATION OF DAVID N. COOPER

Pursuant to 28 U.S.C. § 1746, I, Lieutenant Colonel David N. Cooper, Judge Advocate General's Corps, United States Air Force Reserve, hereby state that to the best of my knowledge, information, and belief, the following is true, accurate and correct:

    1.    I am the Legal Advisor to the Office for the Administrative Review of the Detention of Enemy Combatants at U.S. Naval Base Guantanamo Bay, Cuba (OARDEC). In that capacity I am an advisor to the Director, Combatant Status Review Tribunals.

    2.    I hereby certify that the documents attached hereto constitute a true and accurate copy of the portions of the record of proceedings before the Combatant Status Review Tribunal related to petitioner Amin Ullah that are suitable for public release. The portions of the record that are classified or considered law enforcement sensitive are not attached hereto or were redacted by an OARDEC staff member. This staff member also redacted information that would personally identify certain U.S. Government personnel in order to protect the personal privacy and security of those individuals.

    I declare under penalty of perjury that the foregoing is true and correct.

Dated: 16 August 2006

David N. Cooper
Lt Col, JAG Corps, USAFR



# Department of Defense
## Director, Combatant Status Review Tribunals

OARDEC/Ser: **0 4 0 2**

**18 NOV 2004**

~~FOR OFFICIAL USE ONLY~~

From: Director, Combatant Status Review Tribunal

Subj: **REVIEW OF COMBATANT STATUS REVIEW TRIBUNAL FOR DETAINEE ISN # 848**

Ref:  (a) Deputy Secretary of Defense Order of 7 July 2004
      (b) Secretary of the Navy Order of 29 July 2004

1. I concur in the decision of the Combatant Status Review Tribunal that Detainee ISN #848 meets the criteria for designation as an Enemy Combatant, in accordance with references (a) and (b).

2. This case is now considered final and the detainee will be scheduled for an Administrative Review Board.

J. M. McGARRAH
RADM, CEC, USN

Distribution:
NSC (Mr. John Bellinger)
DoS (Ambassador Prosper)
DASD-DA
JCS (J5)
SOUTHCOM (CoS)
COMJTFGTMO
OARDEC (Fwd)
CITF Ft Belvoir

~~FOR OFFICIAL USE ONLY~~



# Department of Defense
Director, Combatant Status Review Tribunals

29 Sep 04

From: Director, Combatant Status Review Tribunals

Subj: APPOINTMENT OF COMBATANT STATUS REVIEW TRIBUNAL #11

Ref: (a) Convening Authority Appointment Letter of 9 July 2004

By the authority given to me in reference (a), a Combatant Status Review Tribunal established by "Implementation of Combatant Status Review Tribunal Procedures for Enemy Combatants Detained at Guantanamo Bay Naval Base, Cuba" dated 29 July 2004 is hereby convened. It shall hear such cases as shall be brought before it without further action of referral or otherwise.

The following commissioned officers shall serve as members of the Tribunal:

MEMBERS:

▮▮▮▮▮▮▮▮▮▮▮▮▮ Colonel, U.S. Air Force; President

▮▮▮▮▮▮▮▮▮▮▮▮▮ Lieutenant Colonel, U.S. Air Force; Member (JAG)

▮▮▮▮▮▮▮▮▮▮ Lieutenant Commander, U.S. Navy; Member

J. M. McGARRAH
Rear Admiral
Civil Engineer Corps
United States Navy

UNCLASSIFIED

2 Nov 04

MEMORANDUM

From: Legal Advisor
To:    Director, Combatant Status Review Tribunal

Subj: LEGAL SUFFICIENCY REVIEW OF COMBATANT STATUS REVIEW TRIBUNAL FOR DETAINEE ISN # 848

Ref:   (a) Deputy Secretary of Defense Order of 7 July 2004
       (b) Secretary of the Navy Implementation Directive of 29 July 2004

Encl:  (1) Appointing Order for Tribunal #11 of 29 September 2004
       (2) Record of Tribunal Proceedings

1. A legal sufficiency review has been completed on the subject Combatant Status Review Tribunal in accordance with references (a) and (b). After reviewing the record of the Tribunal, I find that:

   a. The detainee was properly notified of the Tribunal process and actively participated in the unclassified portion of the Tribunal proceeding. Note that although the "Unclassified Summary of the Basis for Tribunal Decision" (enclosure (1) of the Record of Tribunal Proceedings) states that the detainee made a sworn statement, there is no evidence in the transcript of his statement (enclosure (3) of the Record of Tribunal Proceedings) to indicate that the detainee actually took an oath either before or after he gave his oral statement.

   b. The Tribunal was properly convened and constituted by enclosure (1).

   c. The Tribunal complied with the provisions of references (a) and (b). Note that some information in exhibits R-3, R-4, and R-5 was redacted. The FBI properly certified in exhibit R-2 that the redacted information would not support a determination that the detainee is not an enemy combatant. Exhibit R-2 does not cover exhibit R-6, a heavily redacted FBI sitrep, but that does not appear to be a problem since the redacted portions are likely related to anticipated interviews of other detainees.

   d. The detainee requested two witnesses. The President initially approved the requests, but the State Department could not locate the witnesses. Therefore, the President properly determined the witnesses were not reasonably available.

   e. The Tribunal's decision that detainee #848 is properly classified as an enemy combatant was unanimous.

   f. The detainee's Personal Representative was given the opportunity to review the record of proceedings and affirmatively declined to submit comments.

UNCLASSIFIED

Subj:   LEGAL SUFFICIENCY REVIEW OF COMBATANT STATUS REVIEW TRIBUNAL
       FOR DETAINEE ISN # 848

2. The proceedings and decision of the Tribunal are legally sufficient and no corrective action is required.

3. I recommend that the decision of the Tribunal be approved and the case be considered final.

T. A. McPALMER
CDR, JAGC, USN



**HEADQUARTERS, OARDEC FORWARD**
GUANTANAMO BAY, CUBA
APO AE 09360

15 October 2004

MEMORANDUM FOR DIRECTOR, CSRT

FROM: OARDEC FORWARD Commander

SUBJECT: CSRT Record of Proceedings ICO ISN# 848

1. Pursuant to Enclosure (1), paragraph (I)(5) of the *Implementation of Combatant Status Review Tribunal Procedures for Enemy Combatants Detained at Guantanamo Bay Naval Base, Cuba* dated 29 July 2004, I am forwarding the Combatant Status Review Tribunal Decision Report for the above mentioned ISN for review and action.

2. If there are any questions regarding this package, point of contact on this matter is the undersigned at DSN ▮▮▮▮.

DAVID L. TAYLOR
Colonel, USAF

~~SECRET//NOFORN//X1~~

### (U) Combatant Status Review Tribunal Decision Report Cover Sheet

(U) This Document is UNCLASSIFIED Upon Removal of Enclosures (2) and (4).

(U) TRIBUNAL PANEL: __#11__

(U) ISN#: __848__

Ref:     (a) (U) Convening Order for Tribunal #11 of 29 September 2004 (U)
          (b) (U) CSRT Implementation Directive of 29 July 2004 (U)
          (c) (U) DEPSECDEF Memo of 7 July 2004 (U)

Encl:    (1) (U) Unclassified Summary of Basis For Tribunal Decision (U/~~FOUO~~)
          (2) (U) Classified Summary of Basis for Tribunal Decision (S/NF)
          (3) (U) Summary of Detainee/Witness Testimony (U/~~FOUO~~)
          (4) (U) Copies of Documentary Evidence Presented (S/NF)
          (5) (U) Personal Representative's Record Review (U/~~FOUO~~)

1. (U//FOUO) This Tribunal was convened by references (a) and (b) to make a determination as to whether the detainee meets the criteria to be designated as an enemy combatant as defined in reference (c).

2. (U) On 9 October 2004 the Tribunal determined, by a preponderance of the evidence, that Detainee #848 is properly designated as an enemy combatant as defined in reference (c).

3. (U//FOUO) In particular, the Tribunal finds that this detainee is a member of, or affiliated with the Taliban, as more fully discussed in the enclosures.

4. (U//FOUO) Enclosure (1) provides an unclassified account of the basis for the Tribunal's decision. A detailed account of the evidence considered by the Tribunal and its findings of fact are contained in enclosures (1) and (2).



Colonel, USAF
Tribunal President

UNCLASSIFIED//~~FOUO~~

# UNCLASSIFIED SUMMARY OF BASIS FOR TRIBUNAL DECISION

(Enclosure (1) to Combatant Status Review Tribunal Decision Report)

TRIBUNAL PANEL:  #11
ISN #: 848

## 1. Introduction

As the Combatant Status Review Tribunal (CSRT) Decision Report indicates, the Tribunal has determined that this detainee is properly classified as an enemy combatant and is a member of, or affiliated with the Taliban. In reaching its conclusions, the Tribunal considered both classified and unclassified information. The following is an account of the unclassified evidence considered by the Tribunal and other pertinent information. Classified evidence considered by the Tribunal is discussed in Enclosure (2) to the CSRT Decision Report.

## 2. Synopsis of Proceedings

The unclassified summary of evidence presented to the Tribunal by the Recorder indicated that the detainee is a member of, or affiliated with the Taliban. The detainee chose to participate in the Tribunal process. He requested two witnesses and made a verbal statement. The Tribunal President found the requested witnesses not reasonably available, because they could not be located by the U.S. State Department. The detainee, in his verbal statement, admitted to being a solider for the Taliban. The Tribunal President's evidentiary and witness rulings are explained below.

## 3. Evidence Considered by the Tribunal

The Tribunal considered the following evidence in reaching its conclusions:

   a. Exhibits: D-a and R-1 through R-18.

   b. Sworn statement of the detainee

## 4. Rulings by the Tribunal on Detainee Requests for Evidence or Witnesses

The Detainee requested two witnesses be produced for the hearing:

| Witness | President's Decision | Testified? |
|---|---|---|
| Rahmat Ullah<br>Detainee's brother | Not reasonably available | no* |

UNCLASSIFIED//FOUO

| | | |
|---|---|---|
| Haji Sher Mohammad<br>Village elder | Not reasonably available | no* |

\* The detainee requested two witnesses; the Tribunal president initially approved the request and the witness names were submitted to the State Department. The State Department was unable to locate either of the requested witnesses. The Tribunal president then found the requested witnesses not reasonably available.

The Detainee requested no additional evidence be produced; no rulings were required.

### 5. Discussion of Unclassified Evidence

The Tribunal considered the following unclassified evidence in making its determinations:

    a. The recorder offered Exhibits R-1 and R-2 into evidence during the unclassified portion of the proceeding. Exhibit R-1 is the Unclassified Summary of Evidence. While this summary is helpful in that it provides a broad outline of what the Tribunal can expect to see, it is not persuasive in that it provides conclusory statements without supporting unclassified evidence. Exhibit R-2 provided no usable evidence.

    b. Essentially the only unclassified evidence the Tribunal had to consider was the detainee's sworn testimony. A summarized transcript of the detainee's sworn testimony is attached as CSRT Decision Report Enclosure (3). In sum, the detainee testified that the he served under the Taliban and was in charge of ten armed men. The detainee waited until the U.S. planes were bombing and the Taliban forces were defeated before joining the coalition forces. The detainee claims that after the U.S. forces defeated the Taliban in Konduz and went to Mazar he joined the coalition forces and fought against the Taliban. The detainee claimed that after Khanabad was captured he was released from service and went home. Four or five months after the fighting stopped in his area and the defeat of the Taliban, he went to the government of Afghanistan and turned in the ten weapons he had, and received a receipt for this. One year after the detainee turned in the weapons Afghani forces came to his house and arrested him.

The Tribunal also relied on certain classified evidence in reaching its decision. A discussion of the classified evidence is found in Enclosure (2) to the Combatant Status Review Tribunal Decision Report.

### 6. Consultations with the CSRT Legal Advisor

No issues arose during the course of this hearing that required consultation with the CSRT legal advisor

### 7. Conclusions of the Tribunal

UNCLASSIFIED//FOUO

UNCLASSIFIED//~~FOUO~~

Upon careful review of all the evidence presented in this matter, the Tribunal makes the following determinations:

    a. The detainee was mentally and physically capable of participating in the proceeding. No medical or mental health evaluation was deemed necessary.

    b. The detainee understood the Tribunal proceedings. He asked no questions regarding his rights and actively participated in the hearing.

    c. The detainee is properly classified as an enemy combatant and is a member of, or affiliated with the Taliban.

## 8. Dissenting Tribunal Member's report

None. The Tribunal reached a unanimous decision.

Respectfully submitted,

███████████████, Colonel, USAF
Tribunal President

UNCLASSIFIED / ~~FOUO~~

**Summarized Sworn Detainee Statement**

When asked by the Tribunal President if the detainee understood the CSRT process, the Detainee answered, "Yes."

Tribunal President: Do you have any questions concerning the Tribunal process?

Detainee: No sir, but if you have any questions ask them.

[While the Recorder was reading the unclassified summary the Detainee asked if he could respond to the accusations.]

Tribunal President: You will have an opportunity to speak in just a moment.

Detainee: When you are finished?

Tribunal President: Yes.

Tribunal President: Do you wish to make a statement to this Tribunal?

Detainee: Yes.

Tribunal President: Would you like to make your statement under oath?

Detainee: First I must I explain about the charges against me, whether I committed them or not and then I will swear that I told the truth.

Tribunal President: Very well, please make your statement.

Detainee: Before when I was interrogated, I swore to them I would tell them nothing but the truth. I told the interrogators everything since I was ten years old up to the time I served as a soldier for President Dahoud in Afghanistan. When the Taliban came to our area I had a half-brother. I had one brother that left my house. I have three small children that I worked hard for to provide food. I was a poor person. When the Taliban arrived I had a brother-in-law named Najib. They took Najib by force; he was just recently married and had a new baby girl. They took him by force, put him in jail and he was lost. Forty days later we found his dead body. They told me to join them and if I didn't they would kill me also. I told them my children were very young and I needed to take care of them. I told them I wouldn't go with them and they could not recruit me. They then took me by force and put me in jail. Another individual approached them and told them I was an old man and to let me go. This same individual then told me there was no one in my household and asked why I didn't go with them and join them. I then decided to go with them.

UNCLASSIFIED / ~~FOUO~~

I am presenting this information to you and you can decide and find out if I have lied to you.

After that I joined them and they provided me with ten individuals with weapons. At night I would go home and take care of my family. Then they arrested me again. The providence of Konduz and Bairan, providences in Afghanistan, everybody there knows they arrested me and put me in jail. They then pushed me again to serve them. I asked them how was I suppose to provide food for my family and told them I would not go with them again. I then heard rumors and news on the radio that American forces were coming to my land. I was happy because I knew I would be freed and able to go back to my family. When your forces reached Kabul, they had not reached Konduz yet; I took my ten men with their weapons and went to one of the commanders by the name of Bahg. Then your forces reached Konduz. I was fighting between the Taliban forces and the United States forces. When the United States forces defeated them they left Konduz and went to Mazar. I then joined the coalition forces. I fought against the Taliban with the American forces. There were men and woman journalist there, taking pictures. I went to the American compound and they took me to a room with a video camera. He was taking pictures of some kind of paperwork. I asked him what he was doing and he told me he was sending a report that we had captured these areas. The planes were bombing and I joined your forces. We captured Khanabad and I was released. Four to five months after the fighting was over in my area and the defeat of the Taliban, I went to the government of Afghanistan and turned in the ten weapons that I had. I turned them into a Sergeant Abdul Basir. I then went back home. I like the current government in Afghanistan and I like the Americans because they sent two of my children to school. One year after that, Interim Afghani forces came to my house and arrested me. I have told you the truth. The accusations are wrong, please help me. I have a wife and kids and no one to take care of them. You are the leaders and I am the detainee, what ever you decide, you decide.

Tribunal President: Will you state now that everything you just told us is the truth?

Detainee: Sure, first I will swear and then you can ask. You have your forces in Afghanistan they can go and ask. I was told in the beginning not to lie and I promised them I would not lie.

Tribunal President: That's good.

Detainee: I will swear and then you can ask.

Tribunal President: Your word that you have told the truth is what I wanted to hear.

Tribunal President: Personal Representative do you have any questions for the Detainee?

Personal Representative: Yes I do.

ISN #848
Enclosure (3)
Page 2 of 5

UNCLASSIFIED / ~~FOUO~~

**UNCLASSIFIED /** ~~FOUO~~

**Summarized Answers in Response to Questions by the Personal Representative**

Q.   You stated, you were arrested by the Taliban after you joined them.

A.   First they captured me.

Q.   Why were you put in prison by the Taliban forces?

A.   The first time I was captured and put in prison I was serving the Rabani. When the Taliban took me they asked why I served Rabani, they said I had to serve them. At that time Rabani was the President and I was a solider. I had to go to the compound and learn how to walk like a soldier.

Q.   Were you imprisoned by the Taliban just that one time, or more often?

A.   No, twice.

Q.   When were you in prison the second time?

A.   I cannot recall the time and date the first time I was put in jail. The second time when they killed my brother-in-law, they told me I had to join them and I did. The two times I was put in jail was because I wouldn't join them.

Q.   How long were you in jail?

A.   First time 40 days, the second time 16 or 17 days. Maybe 19 days, it was Ramadan.

Q.   When you turned in your weapons to Sergeant Basir did you get anything in return?

A.   Yes, he gave me a receipt.

Q.   What was the date you turned in your weapons?

A.   I turned in my weapons four to five months after the defeat of the Taliban.

**Summarized Answers in Response to Questions by the Tribunal Members**

Q.   One of the accusations against you is that you assembled a team to hijack a United Nations aircraft. Do you know anything about that?

A.   The only airplanes I have seen are in the sky. When I was captured I traveled on a plane from Konduz to Baghram. I traveled from there to here. Those are the only times I have been in a plane. I was blindfolded and didn't know what the

ISN #848
Enclosure (3)
Page 3 of 5

**UNCLASSIFIED /** ~~FOUO~~

plane looked like. Yes, I have seen your planes in the sky. In Afghanistan all we have is this much bread and we have to work hard for it.

Q. So the Taliban never asked you to try and hijack a U.N. airplane?

A. Who am I for them to ask me to do this kind of thing? They should contact some one bigger than me. I fought with your forces against them.

Q. I understand when you were captured, but do you know what year it was they killed your brother-in-law and forced you to join the Taliban?

A. To be honest I don't remember no times or dates. All I have is one and three quarters of an acre of property and work hard to serve my family. We are two brothers and in the same house.

Tribunal President: Do you have any other evidence you wish to president to this Tribunal?

Detainee: I asked you to present my two witnesses. I have my districts and providences and you could not bring them here. I have the receipt that I gave up my weapons. It is not with me but everybody knows it. I was three years old when my father died and six years old when my mother died. My older sister raised us and we had to work hard. My children are very young and have nothing to eat. I don't have money to buy another house and that is why we had to live together.

Tribunal President: Is there anything else you would like to say?

Detainee: All I ask you, our leaders, is to ask. Because of some one else's accusations, don't keep me here.

Tribunal President: Personal Representative do you have anything else to present to the Tribunal?

Personal Representative: No sir.

[As the Tribunal President was reading the instructions on the Tribunal decision the Detainee stated.]

Detainee: I am not an enemy of America I am a friend. The things I told you are the truth and you can find this out. And now my children are very happy.

**UNCLASSIFIED /** ~~FOUO~~

## **AUTHENTICATION**

I certify the material contained in this transcript is a true and accurate summary of the testimony given during the proceedings.



_____, Col, USAF
Tribunal President

## DETAINEE ELECTION FORM

Date: 7 Sep 04
Start Time: 1515
End Time: 1610

ISN#: 848

Personal Representative: ███████████, MAJ, USAF
(Name/Rank)

Translator Required? YES    Language? PASHTU

CSRT Procedure Read to Detainee or Written Copy Read by Detainee? YES

**Detainee Election:**

[X] Wants to Participate in Tribunal

[ ] Affirmatively Declines to Participate in Tribunal

[ ] Uncooperative or Unresponsive

**Personal Representative Comments:**

Detainee wants to make a sworn oral statement.
Detainee had not requested any witnesses

Personal Representative: ███████

UNCLASSIFIED//FOUO

page 1 of 2    Exhibit D-a

# DETAINEE ELECTION FORM

Date: 13 Sep 04
Start Time: 1550
End Time: 1640

ISN#: 848

**Personal Representative Comments:**

Detainee has now requested 2 witnesses:

Witness #1 – Rahmat Ullah (detainee's brother) – Khanabad District, Chogha Area, Nowabad Village, Brother will verify that detainee fought with US Forces after they arrived in AF.

Witness #2 – Haji Sher Mohammad (village elder) – Khanabad District, Chogha Area, Daghra Bekhkalai Village, Individual will also verify that detainee fought with US Forces after they arrived in AF.

Detainee received a receipt from Khanabad District Commissioner (Zabit Abdul Basir), post-Taliban government when he turned in his weapon which he used to fight alongside US Forces. After turning in his weapon, he returned to his village to farm the land on property own by the District Commissioner listed above.

UNCLASSIFIED//FOUO

page 2 of 2

Unclassified

## Combatant Status Review Board

TO: Personal Representative    4 September 2004

FROM: OIC, CSRT

Subject: Summary of Evidence for Combatant Status Review Tribunal - ULLAH, Amin

1. Under the provisions of the Secretary of the Navy Memorandum, dated 29 July 2004, *Implementation of Combatant Status Review Tribunal Procedures for Enemy Combatants Detained at Guantanamo Bay Naval Base Cuba*, a Tribunal has been appointed to review the detainee's designation as an enemy combatant.

2. An enemy combatant has been defined as "an individual who was part of or supporting the Taliban or al Qaida forces, or associated forces that are engaged in hostilities against the United States or its coalition partners. This includes any person who committed a belligerent act or has directly supported hostilities in aid of enemy armed forces."

3. The United States Government has previously determined that the detainee is an enemy combatant. This determination is based on information possessed by the United States that indicates that he associated with the Taliban and engaged in hostilities against the United States or its coalition partners.

   a. The detainee is a member of the Taliban.

      1. The detainee admitted serving in the Taliban.

   b. The detainee engaged in hostilities against the U.S. or its coalition partners.

      1. The detainee assembled a team to hijack a United Nations aircraft in order to detonate the aircraft with a suicide bomber.

      2. The detainee commanded ten Taliban soldiers at a post in Bangi, Afghanistan for one year. The soldiers were issued rifles and charged with guarding the post.

      3. After 11 September 2001, the detainee surrendered the soldiers under his commanded at Bangi to Northern Alliance forces.

      4. The detainee was arrested by Afghan soldiers at his home in October of 2002.

4. The detainee has the opportunity to contest his designation as an enemy combatant. The Tribunal will endeavor to arrange for the presence of any reasonably available witnesses or evidence that the detainee desires to call or introduce to prove that he is not an enemy combatant. The Tribunal President will determine the reasonable availability of evidence or witnesses.

Unclassified

Page __/__ of __/__                                                EXHIBIT __R-1__

```
To       :   Department of Defense            Date  09/03/2004
             Office of Administrative Review
             for Detained Enemy Combatants
             Col. David Taylor, OIC, CSRT


From     :   FBI GTMO
             Counterterrorism Division
             OSC ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

Subject      REQUEST FOR REDACTION OF
             NATIONAL SECURITY INFORMATION
                   (ISN 848)
```

    Pursuant to the Secretary of the Navy Order of 29 July 2004, Implementation of Combatant Review Tribunal Procedures for Enemy Combatants Detained at Guantanamo Bay Naval Base, Cuba, Section D, paragraph 2, the FBI requests redaction of the information herein marked[1]. The FBI makes this request on the basis that said information relates to the national security of the United States[2]. Inappropriate dissemination of said information could damage the national security of the United States and compromise ongoing FBI investigations.

  CERTIFICATION THAT REDACTED INFORMATION DOES NOT SUPPORT A
  DETERMINATION THAT THE DETAINEE IS NOT AN ENEMY COMBATANT

    The FBI certifies the aforementioned redaction contains no information that would support a determination that the detainee is not an enemy combatant.

    The following documents relative to ISN 848 have been redacted by the FBI and provided to the OARDEC:

FD-302 dated 05/28/2003
FD-302 dated 06/06/2003
FD-302 dated 06/19/2003

---

[1] Redactions are blackened out on the OARDEC provided FBI document.

[2] See Executive Order 12958

Page  1  of  1                                    EXHIBIT  R-2

UNCLASSIFIED

UNCLASSIFIED//~~FOUO~~

## Personal Representative Review of the Record of Proceedings

I acknowledge that on 11 October 2004 I was provided the opportunity to review the record of proceedings for the Combatant Status Review Tribunal involving ISN #848.

    X  I have no comments.

    ___  My comments are attached.



Name

Signature
Maj ███████, USAF

11 OCT 04
Date

ISN #848
Enclosure (5)

UNCLASSIFIED//~~FOUO~~