UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| AMIN ULLAH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-1237 (ESH) |
| | ) | |
| GEORGE W. BUSH, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

## ORDER

On August 10, 2007, respondents in the above-captioned matter notified the Court that petitioner Amin Ullah had been released from U.S. custody at Guantánamo Bay Naval Station and transferred to the control of the government of Afghanistan.  As a result, the Court issued a Minute Order on August 13, 2007, administratively closing the case.

Petitioner has now filed a motion for reconsideration.  While at Guantánamo, petitioner was designated an "enemy combatant" by the U.S. government, and upon releasing petitioner from U.S. custody, the government explicitly stated that the decision to return petitioner to Afghanistan "d[id] not equate to a determination that [he] is not an enemy combatant, nor is it a determination that he does not pose a threat to the United States or its allies."  (Pet. Mot. at 2.)  Petitioner has contested his designation as an enemy combatant and proclaimed his innocence.  (*Id.*)  Counsel for petitioner argue that the Court should adjudicate petitioner's habeas claims, despite the fact that he is no longer in respondents' custody, because he may continue to face serious collateral consequences as a result of his prior detention by the U.S. government and his designation as an enemy combatant.  (*Id.* at 3.)  Specifically, they argue that the enemy

combatant label is likely to subject petitioner to retaliation, affect his ability to travel internationally, and prevent him from entering the United States in the future. (*Id.* at 4; Pet. Reply at 9-10.) They also argue that petitioner would never be able to recover damages for unlawful detention if he does not have the opportunity to have his detention declared unlawful. (*Id.* at 4.)

In response, respondents argue that the Court does not have jurisdiction over petitioner's habeas claim in any event as a result of the Military Commissions Act, Pub. L. No. 109-366, 120 Stat. 2600, and Detainee Treatment Act, Pub. L. No. 109-148, tit. X, 119 Stat. 2680. (*See* Resp. Opp'n at 3.) They also argue in the alternative that petitioner's release from custody rendered the case moot because petitioner is unable to demonstrate that he will suffer any adverse collateral consequences significant and concrete enough to constitute a live case or controversy over which the Court would retain jurisdiction. (*See id.* at 6.)

The issue of whether this Court retains jurisdiction over petitioner's habeas claim in light of the Military Commissions Act and Detainee Treatment Act is currently unresolved, and that question is now before the Supreme Court. *See Boumediene v. Bush*, No. 06-1195, 127 S. Ct. 3078, 3078 (June 29, 2007) (Mem.); *Al Odah v. United States*, No. 06-1196, 127 S. Ct. 3067, 3067 (June 29, 2007) (Mem.). It would therefore be improper for the Court to address the merits of the parties' arguments at this time.

Accordingly, petitioner's Motion for Reconsideration of the Court's order administratively closing the case [Dkt. # 35] is **DISMISSED WITHOUT PREJUDICE** pending the resolution of the question of whether this Court has jurisdiction over the habeas

claims of aliens held as enemy combatants by the U.S. government.

**SO ORDERED**.

/s/
ELLEN SEGAL HUVELLE
United States District Judge

Date: September 17, 2007