PREVIOUSLY FILED WITH CSO
AND CLEARED FOR PUBLIC FILING

**Bryan E. Lessley, Oregon State Bar No. 92081**
Assistant Federal Public Defender
Email: **Bryan_Lessley@fd.org**
**151 W. 7th, Suite 510**
**Eugene, OR 97401**
**Tel: (541) 465-6937**
**Fax: (541) 465-6975**

**Ruben L. Iniguez**
Assistant Federal Public Defender
Email: **Ruben_Iniguez@fd.org**
**101 SW Main Street, Suite 1700**
**Portland, OR  97204**
**Tel: (503) 326-2123**
**Fax: (503) 326-5524**

**Attorneys for Petitioner**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMIN ULLAH,<br><br>                    Petitioner,<br><br>    v.<br><br>GEORGE W. BUSH, et al.,<br><br>                    Respondents. | 05-CV-1237-ESH<br><br>PETITIONER'S STATUS REPORT PURSUANT TO ORDER OF JULY 3, 2008 |

Page 1 –    PETITIONER'S STATUS REPORT PURSUANT TO ORDER OF JULY
           3, 2008

On July 3, 2008, the court issued an order requiring the parties to report on the status of this habeas corpus matter. Petitioner hereby reports as follows:

1.	This matter was administratively closed on August 13, 2007, in a minute order issued by the Honorable Ellen S. Huvelle, United States District Judge. This Minute Order followed after the government filed a Notice of Transfer Of Petitioner on August 10, 2007. (Docket Item 33). That Notice of Transfer advised the Court that petitioner Amin Ullah had been transferred from Guantanamo Bay Naval Base to the custody of the government of Afghanistan. Although the Notice of Transfer did not advise the court about the location to which Amin Ullah was transferred, the transfer was to the Afghan National Defense Facility (ANDF) at Policharky prison in Kabul, Afghanistan. After some months in custody at that facility, petitioner Amin Ullah was released to his home in approximately April 2008. The undersigned counsel does not know whether that release includes any conditions.

2.	Notwithstanding the administrative closure of the case and his release to his home, Petitioner Amin Ullah continues to be designated by the government of the United States as an enemy combatant, continues to dispute that designation, and continues to suffer the collateral consequences of the designation. On August 16, 2007, while Petitioner was still confined at Policharky, he filed a Motion For Reconsideration And Request For Briefing Schedule seeking to reopen the case after the administrative closure. That pleading explained the collateral consequences of being designated an enemy combatant and the reasons why the court continues to have habeas corpus jurisdiction. (Motion For Reconsideration at 4-

Page 2 –	PETITIONER'S STATUS REPORT PURSUANT TO ORDER OF JULY 3, 2008

6)(Docket Item 35). The government filed a Respondent's Opposition To Motion For Reconsideration And Request For Briefing Schedule on August 29, 2007. (Docket Item 36). Petitioner filed his Petitioner's Reply To Respondent's Opposition To Motion Fro Reconsideration And Request For Briefing Schedule on September 14, 2007, again explaining the collateral consequences of the enemy combatant designation and the court's continued jurisdiction. (Reply at 7-12)(Docket Item 38).

3. On September 17, 2007, the court denied Petitioner's Motion for Reconsideration. (Docket Item 39). The court's denial did not address the merits of the contentions made by petitioner, but rather deferred ruling until after the Supreme Court decided the larger issue of whether federal courts have jurisdiction over habeas corpus petitions by Guantanamo detainees:

> The issue of whether this Court retains jurisdiction over petitioner's habeas claim in light of the Military Commissions Act and the Detainee Treatment Act is currently unresolved, and that question is now before the Supreme Court. .... It would therefore be improper for the Court to address the merits of the parties' arguments at this time.
>
> Accordingly, petitioner's Motion For Reconsideration of the Court's order administratively closing the case [Dkt. #35] is DISMISSED WITHOUT PREJUDICE pending the resolution of the question whether this Court has jurisdiction over the habeas claims of aliens held as enemy combatants by the U.S. Government.

Order, September 17, 2007, at 2-3 (Docket Item 39).

4. On June 12, 2008, the Supreme Court decided *Boumediene v. Bush*, 128 S.Ct. 2229, 2275-2277 (2008), holding that the federal courts continue to have jurisdiction over

Page 3 –   PETITIONER'S STATUS REPORT PURSUANT TO ORDER OF JULY 3, 2008

detainees held as enemy combatants.  Accordingly, the court should now reconsider its order administratively closing the case.  Concurrently herewith, petitioner Amin Ullah is filing his Petitioner's Renewal Of Motion To Reconsider Administrative Closure, which this court must resolve.

5. There are no impediments to the prompt resolution of the case.  Counsel had obtained appropriate security clearances before filing a Notice of Appearance to represent Petitioner Amin Ullah on April 11, 2006.  (Docket Item 8).  Counsel filed Memoranda of Understanding Regarding Access To Classified National Security Information in accord with the protective order on April 12, 2006.  (Docket Items 9, 10, 11).  Counsel has had access to the classified factual return since October 9, 2006.  (Docket Item 21 at 3).  Counsel is prepared to proceed forthwith on the merits of the petition promptly.

This the 11th day of July, 2008.

/s/ Bryan E. Lessley
Bryan E. Lessley
Assistant Federal Public Defender


/s/ Ruben L. Iniguez
Ruben L. Iniguez
Assistant Federal Public Defender