PREVIOUSLY FILED WITH CSO
AND CLEARED FOR PUBLIC FILING

**Bryan E. Lessley, Oregon State Bar No. 92081**
**Assistant Federal Public Defender**
**Email: Bryan_Lessley@fd.org**
**151 W. 7th, Suite 510**
**Eugene, OR 97401**
**Tel: (541) 465-6937**
**Fax: (541) 465-6975**

**Ruben L. Iniguez**
**Assistant Federal Public Defender**
**Email: Ruben_Iniguez@fd.org**
**101 SW Main Street, Suite 1700**
**Portland, OR  97204**
**Tel: (503) 326-2123**
**Fax: (503) 326-5524**

**Attorneys for Petitioner**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **AMIN ULLAH,**<br><br>　　　　　　　　　Petitioner,<br><br>　　v.<br><br>**GEORGE W. BUSH, et al.,**<br><br>　　　　　　　　　Respondents. | **05-CV-1237-ESH**<br><br>**PETITIONER'S RENEWAL OF MOTION TO RECONSIDER ADMINISTRATIVE CLOSURE** |

Page 1 –   PETITIONER'S RENEWAL OF MOTION TO RECONSIDER
　　　　　　ADMINISTRATIVE CLOSURE

By Minute Order dated August 13, 2008, this court ordered that this case be administratively closed due to the petitioner's transfer from Guantanamo Bay Naval Base. At the time, the petitioner had been transferred from Guantanamo to the Afghan National Defense Facility at Policharky prison in Kabul, Afghanistan. In approximately April, 2008, petitioner was released from that facility to his home in Afghanistan. The undersigned counsel do not know whether that release is subject to any conditions or restrictions.

Notwithstanding that release, however, the petitioner continues to suffer collateral consequences as a result of his continuing designation by the United States government as an enemy combatant. For that reason, the administrative closure of this habeas corpus matter should be rescinded and the matter should proceed to resolution.

The subject of collateral consequences and the court's continuing jurisdiction have been the subject of briefing in this court in earlier filings. The history and briefing are as follows:

1. On August 16, 2007, three days after the administrative closure, while Petitioner was still confined at Policharky, he filed a Motion For Reconsideration And Request For Briefing Schedule seeking to reopen the case. That pleading explained the collateral consequences of being designated an enemy combatant and the reasons why the court continues to have habeas corpus jurisdiction. (Motion For Reconsideration at 4-6)(Docket Item 35). The government filed a Respondent's Opposition To Motion For Reconsideration And Request For Briefing Schedule on August 29, 2007. (Docket Item 36).

Page 2 –     PETITIONER'S RENEWAL OF MOTION TO RECONSIDER
             ADMINISTRATIVE CLOSURE

Petitioner filed his Petitioner's Reply To Respondent's Opposition To Motion For Reconsideration And Request For Briefing Schedule on September 14, 2007, again explaining the collateral consequences of the enemy combatant designation and the court's continued jurisdiction. (Reply at 7-12)(Docket Item 38).

2. On September 17, 2007, the court denied Petitioner's Motion for Reconsideration. (Docket Item 39). The court's denial did not address the merits of the contentions made by Petitioner, but rather deferred ruling until after the Supreme Court decided the larger issue of whether federal courts have jurisdiction over habeas corpus petitions by Guantanamo detainees:

> The issue of whether this Court retains jurisdiction over petitioner's habeas claim in light of the Military Commissions Act and the Detainee Treatment Act is currently unresolved, and that question is now before the Supreme Court. .... It would therefore be improper for the Court to address the merits of the parties' arguments at this time.
>
> Accordingly, petitioner's Motion For Reconsideration of the Court's order administratively closing the case [Dkt. #35] is DISMISSED WITHOUT PREJUDICE pending the resolution of the question whether this Court has jurisdiction over the habeas claims of aliens held as enemy combatants by the U.S. Government.

Order, September 17, 2007, at 2-3 (Docket Item 39).

3. On June 12, 2008, the Supreme Court decided *Boumediene v. Bush*, 128 S.Ct. 2229, 2275-2277 (2008), holding that the federal courts continue to have jurisdiction over detainees held as enemy combatants. Accordingly, the court should now reconsider its order administratively closing the case. The should reopen this matter and grant Petitioner the

Page 3 –   PETITIONER'S RENEWAL OF MOTION TO RECONSIDER
            ADMINISTRATIVE CLOSURE

relief he seeks, specifically, the removal of his designation as an enemy combatant and the removal of any and all collateral consequences of that wrongful designation

This the 11th day of July, 2008.

/s/ Bryan E. Lessley
Bryan E. Lessley
Assistant Federal Public Defender


/s/ Ruben L. Iniguez
Ruben L. Iniguez
Assistant Federal Public Defender

**Page 4 –    PETITIONER'S RENEWAL OF MOTION TO RECONSIDER
           ADMINISTRATIVE CLOSURE**